

P.O. Box 32159
Newark, NJ  07102

Tel: 973-642-2086
Fax: 973-642-6523

info@aclu-nj.org
www.aclu-nj.org

Jeanne LoCicero
Legal Director

973-854-1715
jlocicero@aclu-nj.org

April 23, 2025

**Via CM/ECF**

United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

   Re: *Student Doe #1, et al. v. Noem, et al.*, Dkt. No. 25-cv-2998

Dear Honorable Judge:

Along with co-counsel, I represent Plaintiffs Students Doe ## 1–6 in the above-captioned matter, in which a Complaint and an Emergency Motion for a Temporary Restraining Order ("TRO Motion") were filed yesterday, April 22, 2025. As indicated in the Certificate of Service attached to that Motion, I have already served a copy of the Motion on Defendants' counsel via email. I write to further elaborate on the service of filings and notice of the TRO requested in this matter that has been provided to Defendants, and respectfully submit that, pursuant to Federal Rule of Civil Procedure 65(b),[1] the Court may issue the requested TRO based on the notice that has been provided to Defendants to date, in light of the immediate and irreparable harm Plaintiffs' face in the absence of relief, *see* ECF Nos. 2-1 (Mem. of Law.), 3–3-5 (Plaintiffs' Decls.).

On Monday, April 21, at approximately 4:30 p.m., I spoke by phone with Kristin Vasallo, Deputy Chief of the Civil Division of the United States Attorney's Office for the District of New Jersey to advise her that Plaintiffs would be filing this action on April 22 and requesting emergent relief.

On Tuesday, April 22, at 1:47 p.m., I sent as-filed, stamped copies of Plaintiffs' Complaint and Civil Cover Sheet, ECF Nos. 1–1-1, as well as Plaintiffs' Motion for a Temporary Restraining Order with all attachments, ECF Nos. 2–2-4, via email to John F. Basiak, Chief, and Kristin Vassallo, Deputy Chief Civil Division.

---

[1] The Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

On Tuesday, April 22, at 4:42 p.m., I sent unsealed copies of all of Plaintiffs' Declarations, filed under seal in this matter at ECF Nos. 3–3-5, via email to Chief Basiak and Deputy Chief Vassallo at the same email addresses.

On Tuesday, April 22, at 9:13 p.m., Deputy Chief Vassallo responded via e-mail confirming receipt of the unsealed declarations and advised me that Matthew Mailloux would be representing the Defendants in this matter.

Accordingly, Defendants have received notice and unsealed copies of all substantive filings in this matter.

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*/s/ Jeanne LoCicero*
Jeanne LoCicero


cc:     All Counsel of Record (via CM/ECF)
        John Basiak (via e-mail)
        Kristin Vassallo (via e-mail)
        Matthew Mailloux (via e-mail)