

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

ALINA HABBA
UNITED STATES ATTORNEY

*John T. Stinson*
*Assistant United States Attorney*

*401 Market Street, 4th Fl.*
*Camden, NJ 08101*
john.stinson@usdoj.gov

*main: (856) 757-5026*
*direct:(856) 757-5139*

May 8, 2025

**By ECF**
Hon. Katharine S. Hayden, U.S.D.J.
U.S. District Court for the District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

    Re:   *Student Does 1-6 v. Noem et al.*, Civ. No 25-2998
           Presentment of records

Dear Judge Hayden:

    This Office represents the Defendants in the above-referenced civil action. I write to present two records that the Court requested at the hearing on Wednesday, May 7, 2025 and to introduce a new declaration pertinent to this matter:

(1) <u>May 6, 2025 Declaration of Andre Watson</u>. My colleague AUSA Kristin Vassallo handed paper copies of this record out at the hearing, and we are docketing it as directed by Your Honor.

(2) <u>November 2023 Department of Homeland Security chart</u>. At Your Honor's request, Defendants present this chart as the current organizational information for DHS. It can be found on a government website here: https://www.dhs.gov/sites/default/files/2023-11/23_1109_mgmt_dhs-public-org-chart-508.pdf.

(3) <u>May 7, 2025 Declaration of Michelle Young</u>. This new declaration provides updated information from U.S. Citizenship and Immigration Services pertinent to this matter.

I thank Your Honor for your attention to this matter.

                                    Respectfully submitted,

                                    ALINA HABBA
                                    United States Attorney

By:   / s / *John T. Stinson*
        JOHN T. STINSON
        Assistant United States Attorney
        Deputy Chief, Civil Division

Enclosures
cc:    All counsel of record (by ECF)

## DECLARATION OF ANDRE WATSON

I, Andre Watson, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the Senior Official within the National Security Division (NSD) for Homeland Security Investigations (HSI). I am a career member of the Senior Executive Service with the rank of Assistant Director. Prior to becoming the Assistant Director of NSD, I served on a detail assignment to the U.S. Department of Homeland Security in the capacity of Principal Deputy Assistant Secretary for the Countering Weapons of Mass Destruction Office. I have additionally served as the HSI Special Agent in Charge in Baltimore, M.D., Deputy Special Agent in Charge in Washington, D.C., Assistant Special Agent in Charge in Houston, T.X., and Supervisory Special Agent in Blaine, W.A. I have also previously served in Headquarters assignments such as Chief of Staff to the Deputy Director of U.S. Immigration and Customs Enforcement (ICE), Chief of Intelligence for the U.S. Department of Justice, International Organized Crime and Intelligence Operations Center, and various supervisory positions within NSD.

2. As the Senior Official within NSD, I oversee the National Security Division as well as Student and Exchange Visitor Program (SEVP) functions in support of ICE efforts to identify, disrupt and dismantle transnational criminal enterprises and terrorist organizations that threaten the security of the United States. These efforts encompass all investigations and aspects of terrorism, special interests involving state and non-state actors, human rights violators and war criminals, as well as compliance and oversight functions for over 6,900 academic institutions, 45,000 designated school officials, and over 1.2 million foreign students studying in the United States.

3. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from DHS personnel, various records, systems, databases, other Department

of Homeland Security (DHS) employees, and information portals maintained and relied upon by DHS in the regular course of business.

4. Beginning in March of 2025, ICE reviewed and terminated numerous SEVIS records due to information provided by U.S. Department of State and criminal databases.

5. ICE has re-activated SEVIS records for plaintiff(s) who met the parameters above.

6. ICE has no plans under its new SEVIS policy to re-terminate the plaintiff(s) SEVIS record based solely on the NCIC record that led to its initial termination.

7. ICE's reactivation of the plaintiff(s) SEVIS record is being made retroactive to the date of its initial termination such that there is no gap in the plaintiff(s)' SEVIS record.

8. For plaintiff(s) who were or are currently engaged in Optional Practical Training (OPT) where SEVP also edited the SEVIS record to change the OPT employment authorization end date, the record has been reset to the end date set forth in the alien's SEVIS record before its termination.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of May 2025.

ANDRE R WATSON
Digitally signed by ANDRE R WATSON
Date: 2025.05.06 18:35:23 -04'00'

Andre Watson, Assistant Director
National Security Division
Homeland Security Investigations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security



Homeland Security

# DECLARATION OF MICHELLE YOUNG

1. I, Michelle Young, make the following declaration in lieu of an affidavit, as permitted by 28 U.S.C. § 1746. I am aware that this declaration will be filed with the United States District Court and that it is the legal equivalent of a statement under oath. This declaration is based on my personal knowledge and information acquired in my official capacity in the performance of my official functions.

2. I am employed by U.S. Citizenship and Immigration Services (USCIS) as Associate Portfolio Director with the Service Center Operations (SCOPS) Student, Appeals, Family & Employment (SAFE) Portfolio. I have held this position since July 3. 2022. My title changed from Branch Chief to Associate Portfolio Director on December 29, 2024; however, the role has remained the same. As Associate Portfolio Director with SCOPS SAFE, I am responsible for overseeing the processing and adjudication of immigration benefit applications, petitions, and requests related to nonimmigrant students, families, appeals and employment authorization, including the Form I-765, Application for Employment Authorization and Form I-539, Application to Extend/Change Nonimmigrant Status. In that capacity, I am familiar with Form I-765 nonimmigrant student employment authorization adjudications and Form I-539 change of status or extension of stay adjudications. In addition, from January 2015 to July 2022, I manage the Form I-539 and Form I-765 portfolios as an Adjudications Officer. I am also familiar with how USCIS processes these caseloads.

3. The Student Exchange Visitor Information System (SEVIS) is a system of records maintained by Immigration and Customs Enforcement (ICE). The Department of Homeland Security (DHS) uses SEVIS to maintain information on Student and Exchange Visitor Program (SEVP)-certified schools, and F-1 and M-1 nonimmigrant students who come to the United States to attend those schools.

4. An F-1 nonimmigrant is an international student who enters the United States to pursue a full course of study at an SEVP-certified academic institution. An F-1 is admitted for the duration of their status, which, as relevant here, means "the time during which an F-1 student is pursuing a full course of study at an educational institution certified by SEVP for attendance by foreign students, or engaging in authorized practical training following completion of studies[.]" 8 C.F.R. 214.2(f)(5)(i). F-1 nonimmigrants are required to comply with certain regulatory requirements and restrictions. *See* 8 CFR 214.1 and 8 CFR 214.2(f).

5. USCIS conducts security checks on individuals applying for immigration benefits, including checks in government databases. *See* USCIS Policy Manual Vol. 1, Part C. As part of its security checks, USCIS reviews SEVIS records, if any, for those who submit benefit requests. Such benefit requests may include, for example, a change of status to a different nonimmigrant status, a request for Optional Practical Training ("OPT"), or reinstatement after a failure to maintain F-1 nonimmigrant status.

6. I am aware that on or around April 10, 2025, Immigration and Customs Enforcement (ICE) terminated records of certain F-1 nonimmigrants in SEVIS.

7. USCIS does not equate SEVIS record termination with termination of an alien's F-1 nonimmigrant status. Additionally, USCIS does not equate SEVIS record termination with adjudication of an immigration benefit.

8. An alien's nonimmigrant status can be terminated during the initial period of admission or an extension of stay by the revocation of a waiver authorized on behalf of the alien under INA § 212(d)(3) or (4), by the introduction of a private bill to confer permanent resident status on such alien, or pursuant to a notification in the Federal Register on the basis of national security, diplomatic, or public safety reasons. *See* 8 CFR 214.1(d).

9. If while adjudicating an immigration benefit request that includes a change of status and/or extension of stay request, USCIS finds that an F-1 nonimmigrant has violated or otherwise failed to maintain his or her nonimmigrant status, the change of status or extension of stay request, as applicable, would be denied and the F-1 nonimmigrant would begin to accrue unlawful presence the following day. *See* USCIS Interoffice Memorandum on Consolidation of Guidance Concerning Unlawful Presence for Purposes of Sections 212(a)(9)(B)(i) and 212(a)(9)(C)(i)(I) of the Act (Neufeld Memo).

10. If during removal proceedings, an immigration judge finds that an F-1 nonimmigrant has violated or otherwise failed to maintain his or her nonimmigrant status, the F-1 nonimmigrant would begin to accrue unlawful presence the day after the immigration judge issues his or her order. *See* Neufeld Memo.

11. If while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS would continue processing the benefit request according to all applicable laws, regulations, policies, and procedures. The SEVIS record termination and reactivation would not, *per se*, have a negative impact on the benefit request's adjudication.

12. I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Burlington, Vermont
May 7, 2025

MICHELLE L YOUNG
Digitally signed by MICHELLE L YOUNG
Date: 2025.05.07 15:29:14 -04'00'

Michelle Young
Associate Portfolio Director
Service Center Operations (SCOPS)
U.S. Citizenship & Immigration Services