

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

| | | |
|---|---|---|
| ALINA HABBA<br>UNITED STATES ATTORNEY<br><br>*John T. Stinson*<br>*Assistant United States Attorney*<br>*Deputy Chief, Civil Division* | *401 Market Street, 4th Fl.*<br>*Camden, NJ 08101*<br>john.stinson@usdoj.gov | *main: (856) 757-5026*<br>*direct:(856) 757-5139* |

June 16, 2025

**By ECF**
Hon. Andre M. Espinosa, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *Student Does Nos. 1-6 v. Noem et al.*, Civ. No. 25-2998
              Defendants' Response in Opposition to Plaintiffs' Request for
              Expedited, Pre-answer Discovery

Dear Judge Espinosa,

      This Office represents Kristi Noem, Todd Lyons, Ricky Patel, and John Tsoukaris, sued in their official capacity by Student Does 1-6 in this Administrative Procedure Act ("APA") lawsuit. For the reasons below, Defendants respectfully request that the Court deny Plaintiffs' request for expedited discovery, ECF No. 48, and instead stay further discovery pending the outcome of the Defendants' expected motion to dismiss.

## BACKGROUND

      Plaintiffs are citizens of China or India who are current students or recent graduates of Rutgers University in New Jersey. ECF No. 1 ("Compl.") ¶ 3-4. Between April 3-8, 2025, Plaintiffs discovered that United States Immigration and Customs Enforcement terminated their Student Exchange and Visitor Information System ("SEVIS") records "due to information provided by U.S. Department of State and criminal databases." *Id.* ¶ 6; *see* ECF No. 38, Declaration of Andre Watson ("Watson Decl.") ¶ 4. Plaintiffs admit that they each had interactions with law enforcement in the United States. *See* ECF No. 3 (declarations).

      On April 22, 2025, Plaintiffs filed suit in the United States District Court for the District of New Jersey under the APA and the Fifth Amendment, seeking immediate and permanent injunctive relief. ECF Nos. 1-3. The Court granted limited

injunctive relief the next day. ECF No. 10 (text order). By April 28, 2025 (less than a week after the filing of this lawsuit), ICE had restored the SEVIS records for all six plaintiffs. ECF No. 42.

On April 29, 2025, following a series of hearings, the Court expanded the temporary restraints on the Defendants and ordered briefing regarding a preliminary injunction. ECF No. 25. As part of the PI briefing and discussion, the Defendants submitted various declarations from ICE and DHS officials stating, *inter alia*, that:

- ICE reactivated all SEVIS records for the Plaintiffs, which restored "all previous information that was part of the SEVIS record" and left no "gaps" or "lapses" in those records. ECF No. 35, Declaration of James Hicks ("Hicks Decl.") ¶ 3; ECF No. 38, Watson Decl. ¶¶ 5, 7. The reactivations also addressed any changes to Optional Practical Training ("OPT"). Watson Decl. ¶ 8.

- Technical limitations in the SEVIS system would not permit deletion of the "event history" for a SEVIS record, but courts could order ICE to add a notation into SEVIS records stating that "the record has been restored retroactively to the original date of the termination." Hicks Decl.¶¶ 3-4. The annotation would not be visible to Designated School Officials, but would still be part of the official SEVIS record. *Id.*

- ICE released a new policy concerning SEVIS records that took effect April 26, 2025. However, "ICE has no plans under its new SEVIS policy to re-terminate the plaintiff(s) SEVIS record based solely on the NCIC record that led to its initial termination." Watson Decl.¶ 6.

- U.S. Citizenship and Immigration Services "does not equate SEVIS record termination with termination of an alien's F-1 nonimmigrant status. Additionally, USCIS does not equate SEVIS record termination with adjudication of an immigration benefit." ECF No. 38, Declaration of Michelle Young ¶ 7.

- "If while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS would continue processing the benefit request according to all applicable laws, regulations, policies, and procedures. The SEVIS record termination and reactivation would not, per se, have a negative impact on the benefit request's adjudication." *Id.* ¶ 11.

The Court issued a preliminary injunction on May 8, 2025, which remains in place. ECF No. 39. While discussing the history of this action, the Court observed that on April 29, 2025, it "granted temporary injunctive relief that did not include Plaintiffs' request" that ICE "strike text from Plaintiffs' SEVIS records." *Id.* at 4. The Court then ordered ICE to place the notation on each Plaintiff's SEVIS record discussed in paragraph 4 of the Hicks Declaration, but still did not order ICE to delete the "event history" at issue. *Id.* at 29-30. Instead, the Court restrained "Defendants

2

and all others" from "imposing any consequences on Plaintiffs as a result of Defendants' prior termination [which] includes any consequences that flow from the residual notations connected to that termination decision" while the Court endeavored to "to see the case through[.]" *Id.* at 30.

And the Court indeed provided robust protection for the Plaintiffs during the remaining course of this legal action, barring "Defendants, their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation" from, *inter alia*:

- Enforcing, implementing, or otherwise imposing "any consequences arising out of Defendants' prior decision to terminate Plaintiffs' SEVIS records or F-1 status" including "any consequences that flow from the residual notations connected to that termination decision"; and

- Terminating "these Plaintiffs' SEVIS records or F-1 status without providing at least 20 days' notice to Plaintiffs and their counsel so that they may make any appropriate application to the Court."

*Id.* at 32-33.

Despite all the previous activity in this action, the Defendants still have until June 30, 2025 to answer, move, or otherwise respond to the Complaint. As noted by the Plaintiffs, the parties are discussing a schedule for Plaintiffs to amend their Complaint and for Defendants then to move to dismiss on various issues including jurisdictional issues under Rule 12(b)(1). *See* ECF No. 48 at 2, n.1.

## ARGUMENT

### I. DISCOVERY IS LIMITED TO THE ADMINISTRATIVE RECORD IN APA ACTIONS LIKE THIS ONE

Plaintiffs' central complaint is their claim that "termination of Plaintiffs' SEVIS records violates the [APA] and should be set aside pursuant to 5 U.S.C. § 706(2)(A)-(D) because it was arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of authority[.]" Compl. ¶ 72. Because this matter proceeds first and foremost under the APA, the Court should not permit discovery of any kind beyond the administrative record underlying the specific actions Plaintiffs challenge.

The APA "provides both a waiver of sovereign immunity and a right of judicial review for any 'person suffering legal wrong because of agency action.'" *NVE, Inc. v. Dep't of Health & Hum. Servs.*, 436 F.3d 182, 189 (3d Cir. 2006) (quoting 5 U.S.C. § 702). "In applying [the APA] standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in

3

the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Indeed, courts conclude it is "inappropriate, even in the face of an inadequate administrative record, [to grant] discovery in order to flesh out the facts relied upon by the decision makers in an agency determination." *Montgomery Nat. Bank v. Clarke*, 703 F. Supp. 1161, 1173 (D.N.J.), *aff'd*, 882 F.2d 87 (3d Cir. 1989). Moreover, it is usually inappropriate under the APA even to permit discovery into the question of whether the administrative record is complete. *NVE, Inc.*, 436 F.3d at 195-96. "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

Here, if Plaintiff's Complaint or any amended complaint survives Defendants' motion to dismiss (see Part II, *infra*), the case can and should proceed from the administrative record of ICE's decision to terminate each Plaintiff's SEVIS record (decisions that ICE subsequently reversed). *Camp*, 411 U.S. at 142. Open civil discovery, whether "limited" or "expedited" or to test the completeness of the administrative record, is inappropriate. *NVE, Inc.*, 436 F.3d at 195-96. And what Plaintiffs propose here—discovery on the actual technical scope and limitations of the SEVIS "event history"—falls squarely within the Supreme Court's directive in *Florida Power & Light Co.*, 470 U.S. at 744, that instead of conducting its own *de novo* inquiry, a district court should remand the matter for agency consideration. *See Coinbase, Inc. v. Sec. & Exch. Comm'n*, 126 F.4th 175, 203 (3d Cir. 2025) (holding that, where the interests are primarily economic, remanding a matter for further agency consideration is the appropriate outcome, not courts directing administrative changes). Plaintiffs, and Rutgers University as their sponsoring school, are free to seek changes to their SEVIS records before the agency and to seek an APA remedy if they believe that ICE acted in an arbitrary and capricious manner with respect to their administrative requests. That process should not take place before this Court in the first instance.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' request for expedited discovery in this APA matter in favor of the case proceeding under Rule 12 and on the administrative record if any claims survive Defendants' motion to dismiss.

## II.  ANY DISCOVERY IS PREMATURE AT THIS POINT AND DEFENDANTS ARE ENTITLED TO MOVE TO DISMISS WITHOUT IT

Even if the Court concludes that some discovery beyond the administrative record is necessary and warranted (which it should not), the Court should stay discovery until Defendants have had the opportunity to challenge the Complaint or any amended complaint. The Court granted Plaintiffs a very robust preliminary

injunction that will stay in place "until final judgment is entered in this case" and that protects from "*any consequences* on Plaintiffs as a result of Defendants' prior termination" including "*any consequences* that flow from the residual notations connected to that termination decision[.]" ECF No 36 (emphasis added). Further, ICE voluntarily reversed nearly all of the actions that resulted in this case, leaving little more than Plaintiffs' demand for the deletion of each "event history." ICE made these changes with the support of written declarations filed on the public docket in this lawsuit. There is no rush for the parties to engage in fact discovery, and Defendants have grounds to move to dismiss this action, including for mootness and failure to state a claim. Accordingly, discovery is premature, and the Court should deny Plaintiffs' request for discovery.

"A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A court may also hold discovery in abeyance until it can address a motion to dismiss on an issue of jurisdiction or justiciability. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001), *as amended* (Oct. 10, 2001) ("because the District Court had no jurisdiction over these claims, it was appropriate to stay discovery"); *Glunk v. Noone*, 689 F. App'x 137, 140 (3d Cir. 2017) (affirming the district court's decision to stay discovery during the pendency of a motion to dismiss based on *res judicata*).

Ordering discovery now places the cart before the horse. The Court's preliminary injunction protects Plaintiffs from adverse consequences related to the prior termination of their SEVIS records, and ICE largely returned them to the status quo ante before that order even issued. Plaintiffs plan to amend their Complaint, and the Defendants should have the opportunity to challenge any claims Plaintiffs allege remain through a motion to dismiss—including whether those claims are moot. Defendants' motion may obviate the need for discovery altogether or streamline the issues before the Court as well as the discovery necessary to address them. *Mann*, 375 F. App'x at 239; *Neitzke*, 490 U.S. at 326-27.

Further, Plaintiffs admit that the discovery they seek pertains to whether it is technologically feasible to obtain a certain kind of ultimate relief (the other relief having already been voluntarily afforded): the deletion of the "events history" from the now-reversed terminations. ECF No. 48 at 3-4 ("the discovery here sought will allow the parties to explore, and the Court to be informed, as to the technical capabilities of the SEVIS database and the policies and procedures for altering records therein."). Defendants need to focus their attention and resources on whether this lawsuit can proceed, not on the highly technical exploration Plaintiffs propose now. Indeed, while Plaintiffs insist that the Court's preliminary injunction calls for this discovery, the fact remains that the Court declined to grant "deletion" relief twice in this case. This suggests that questions of whether deletion is necessary or

technologically possible could wait for the ordinary process of civil litigation under Rules 12 and 26. Defendants therefore respectfully request that the Court stay any discovery until after any ruling on their motion to dismiss.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

ALINA HABBA
United States Attorney

By:   / s / *John T. Stinson*
      JOHN T. STINSON
      Assistant United States Attorney
      Deputy Chief, Civil Division

cc:   All counsel of record (by ECF)