**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Student DOE #1, Student DOE #2, Student DOE #3, Student DOE #4, Student DOE #5, and Student DOE #6, individually and on behalf of all others similarly situated, <br><br>      *Plaintiffs*, <br><br>   v. <br><br> Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security, Todd LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement, Ricky J. PATEL, in his official capacity as Newark Special Agent in Charge, Homeland Security Investigations, U.S. Immigration and Customs Enforcement, John TSOUKARIS, in his official capacity as Newark Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, Edward V. OWENS, in his official capacity as Philadelphia Special Agent in Charge, Homeland Security Investigations, U.S. Immigration and Customs Enforcement, Brian McSHANE, in his official capacity as Philadelphia Acting Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, Rebecca C. GONZÁLEZ-RAMOS, in her official capacity as San Juan Special Agent in Charge, Homeland Security Investigations, U.S. Immigration and Customs Enforcement, and Garrett J. RIPA, in his official capacity as Miami Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, <br><br>      *Defendants*. | Case No. 2:25-cv-02998 (KSH) (AME) <br><br><br>        **ORDER** |

**THIS MATTER** having come before the Court upon Plaintiffs' unopposed motion to seal their filings dated September 25, 2025, at ECF No. 95, ECF No. 95-1, ECF No. 95-2, ECF No. 95-3, ECF No. 95-4, ECF No. 95-5, and to seal redacted information in ECF No. 94-2, Exhibit A, also filed on September 25, 2025; the Court makes the following findings of fact and conclusions of law pursuant to Local Civil Rule 5.3(c):

1. Motions to seal are governed by Local Civil Rule 5.3(c), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sough is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

2. On September 25, 2025, counsel for Plaintiffs filed the Third Declarations of Student Doe #1 (ECF No. 95), Student Doe #2 (ECF No. 95-1), Student Doe #3 (ECF No. 95-2), Student Doe #4 (ECF No. 95-3), Student #5 (ECF No. 95-4), and Student Doe #6 (ECF No. 95-5) under seal.

3. The volume of personal information in the declarations means that even a partial unsealing would provide sufficient information to identify Plaintiffs, reveal sensitive information about them, and expose Plaintiffs to harm. Only a full sealing of the documents is sufficient to prevent severe personal, academic, and professional harm.

4. On September 25, 2025, counsel for Plaintiffs also filed the Third Linhorst Declaration (ECF No. 94-2) with redactions of personal identifying information in Exhibit A.

5.      Revealing the kind of sensitive information redacted in these documents, given the high-profile nature and media coverage of SEVIS record termination litigation, would put Plaintiffs at risk of severe personal, academic, and professional harm. The redactions are narrowly tailored, and the relevant substance of the SEVIS record screenshots is left intact for public access.

6.      Because the documents are relevant to the issues raised in the underlying Complaint and because Plaintiffs have publicly filed versions of the documents with carefully limited and tailored redactions, a less restrictive alternative to sealing the records is not available.

7.      Federal Rule of Civil Procedure 5.2(d) permits a court to order a filing be made under seal or in redacted form. Such an order is appropriate when a moving party demonstrates "good cause" for restricting public access through "a particularized showing that disclosure will cause a 'clearly defined and serious injury.'" *Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 203 (D.N.J. 2021); *see also In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

8.      The Court finds that good cause exists to seal the documents at issue under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and Local Civil Rule 5.3(c).

Accordingly, it is on this __28th__ day of _____April_____, 2026, **ORDERED** that Plaintiffs' motion to seal is **GRANTED**.

**SO ORDERED**.

_____

Hon. André M. Espinosa, U.S.M.J.

3